**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**KENNETH DEWAYNE CARTER, JR., #77715**                        **PETITIONER**

**versus**                                             **CIVIL ACTION NO. 5:07-cv-169-DCB-MTP**

**LAWRENCE KELLY, ET AL.**                                                    **RESPONDENTS**

## ORDER

THIS matter is before the court on the Petitioner's Motion for Reconsideration [22] regarding the court's Order [21] denying his Motion for an Evidentiary Hearing [18]. Having considered the motion, the court finds that it should be denied.

This court enjoys the inherent power to "reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981). Generally, "motions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure."[1] *McDonald v. Entergy Operations, Inc.*, No. 5:03cv241BN, 2005 WL 1528611, at *1 (S.D. Miss. 2005). This court has "considerable discretion" in deciding whether to grant a motion for reconsideration. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). However, granting a motion for reconsideration "is an extraordinary remedy and should be used sparingly." *In re Pequeno*, 240 Fed. Appx. 634, 636 (5th Cir. 2007) (quoting *Templet v. HydroChem, Inc.*, 367 F.3d 473, 477 (5th Cir. 2004)).

A motion to reconsider is not "intended to give an unhappy litigant one additional chance to sway the judge[,]" *McDonald*, 2005 WL 1528611, at *1 (citations omitted), and its purpose "is

---

[1] Rule 59(e) is not technically applicable to Petitioner's Motion [22] since the Order [21] was not a final "judgment." *See* Fed. R. Civ. P. 54; 59(e). However, several district courts within the Fifth Circuit have applied the legal standards set forth in Rule 59(e) to motions to reconsider interlocutory orders. *See W.C. Bulley v. Fid. Fin. Servs. of Miss., Inc.*, No. 3:00cv522-BN, 2000 WL 1349184, at *2 (S.D. Miss. Sept. 8, 2000); *Goldman*, 2006 WL 861016, at *1; *Martinez v. Bohls Equip.Co.*, No. SA-04-CA-0120-XR, 2005 WL 1712214, at *1 (July 18, 2005). Accordingly, the court will apply the same standard to the instant motion.

not to re-debate the merits of a particular motion." *W.C. Bulley v. Fidelity Financial Servs. Of Miss., Inc.*, No. 3:00cv522-BN, 2000 WL 1349184, at *3 (S.D. Miss. Sept. 8, 2000). Indeed, "[i]f a party is allowed to address a court's reasons as to why a motion was or was not granted, it would render the entire briefing process irrelevant and lead to endless motions to reconsider." *Id.* There are only three grounds for which this court may grant a motion for reconsideration: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." *W.C. Bulley*, 2000 WL 1349184, at *2 (citations omitted). If one of these three grounds is not present, the court must deny the motion. *Id.* at *3.

None of the three permissible grounds are present here. Petitioner has cited to no change in controlling law, no new evidence not previously available, and no clear error of law. Further, the denial of Petitioner's motion to reconsider does not result in "manifest injustice." Accordingly, Petitioner's motion must be denied. *See W.C. Bulley*, 2000 WL 1349184, at *2-3 (holding that the plaintiff's motion to reconsider the court's order denying his motion to amend should not have been granted, where none of the three permissible grounds for granting the motion to reconsider were present and the plaintiff was merely re-arguing the merits of his original motion to amend).

IT IS, THEREFORE, ORDERED AND ADJUDGED that Petitioner's Motion for Reconsideration [22] is DENIED.

SO ORDERED on this, the 1st day of June, 2009.

s/ Michael T. Parker  
United States Magistrate Judge