**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

KENNETH DEWAYNE CARTER, NO. 77715                                PETITIONER

VERSUS                              CIVIL ACTION NO. 5:07-cv-169-DCB-MTP

LAWRENCE KELLY and JIM HOOD                                     RESPONDENTS

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This cause is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation of September 11, 2009 (docket entry no. 24). Therein, Judge Parker recommends that the petition of Kenneth DeWayne Carter for writ of habeas corpus under 28 U.S.C. § 2254 be denied and dismissed with prejudice. Also before the Court is the Petitioner's Motion to Amend the Objections to the Report and Recommendation [docket entry no. 26] and Motion for Record [docket entry no. 29]. Having reviewed the Petitioner's Motions, the Report and Recommendation, the plaintiff's objections thereto, and applicable statutory and case law, the Court finds and orders as follows:

Kenneth DeWayne Carter ("Petitioner" or "Carter") was convicted of armed robbery and carrying a concealed weapon as a convicted felon in the Circuit Court of Warren County, Mississippi on June 17, 2003.[1] On July 25, 2003, he was sentenced as a

---

[1] Carter was indicted on four counts: (1) armed robbery; (2) carrying a concealed weapon after a felony conviction; (3) simple assault on a law enforcement officer; and (4) escape from confinement. Report & Recommendation, at 1 (citing R.1 at 4-7.). The trial court granted Carter's motion for a directed verdict as to count four. Carter was found guilty of counts one and two, and

habitual offender to serve two life sentences to run concurrently. Carter filed a notice of appeal on July 15, 2003, and was appointed appellate counsel. On July 26, 2005, his appellate counsel filed a brief on behalf of Carter stating that after thorough review of the record, there were no arguable issues for appeal.

Thereafter, Carter filed a pro se appeal to the Mississippi Supreme Court. On May 9, 2006, the Mississippi Court of Appeals affirmed Carter's conviction and sentence. On April 11, 2007, he sought leave from the Mississippi Supreme Court to file a motion for post-conviction relief in the state trial court. That motion was denied by the Mississippi Supreme Court on May 9, 2007. The Mississippi Supreme Court also denied Carter's Writ for Certiorari on May 24, 2007. Carter filed the instant petition for writ of habeas corpus on September 11, 2007. Therein, he raises six grounds for relief:

> **Ground One:** Deprived of the right to effective assistance of counsel.
>
> **Ground Two:** Deprived of a continuance in violation of the Due Process Clause.
>
> **Ground Three:** Failure of the trial judge to resolve the irreconcilable difference between the Petitioner and his trial counsel.
>
> **Ground Four:** Right to trial counsel was not voluntarily, knowingly, and intelligently waived; and, Petitioner was unconstitutionally forced to represent himself pro se at trial.

---

the judge declared a mistrial as to count three. Id. (citing R.1 at 51-56; R.4 at 301-06, 340-42.).

**Ground Five:** Deprived of counsel of his choice.

**Ground Six:** Deprived of effective assistance of counsel on appeal.

In the Report and Recommendation, the Magistrate Judge recommended that Carter's petition be dismissed with prejudice. As to ground one, Carter claims he was deprived of effective assistance of counsel because his trial counsel was not prepared for trial, did not properly investigate an insanity defense which resulted in his motion for a mental examination being dismissed, failed to preserve grounds for appeal, failed to obtain a trial continuance, and failed to subject his case to "meaningful adversarial testing." The Magistrate Judge concluded that the Petitioner submitted no evidence to support his allegations that trial counsel was deficient. Specifically, the Magistrate Judge found that trial counsel adequately represented Carter at hearings on his motion for mental examination and motion for continuance, which were both denied. Also, Carter knowingly chose to represent himself on the day of trial, but the trial judge ordered the appointed counsel to assist Carter at trial. Carter also acknowledges in his petition that he is guilty of the charges underlying his conviction. For these reasons, and others stated in the Report and Recommendation, the Magistrate Judge determined that trial counsel was not deficient under the <u>Strickland v. Washingtion</u>, 466 U.S. 668 (1984), analysis, and the Mississippi appellate court's application of <u>Strickland</u> was not objectively

unreasonable.

As to ground two, the Magistrate Judge determined that the denial of Carter's Motion to Continue was not "so arbitrary and fundamentally unfair that it violates constitutional principles of due process." Hicks v. Wainwright, 633 F.2d 1146, 1148 (5th Cir. 1981). Carter was granted a hearing by the trial court, counsel represented him at the hearing, the continuance was denied because Carter's failure to cooperate with his defense counsel was no basis for a continuance, and the trial court stated that Carter could hire private counsel if he chose to do so. Accordingly, the Magistrate Judge concluded that the court of appeal's decision was not an unreasonable application of clearly established law.

In regard to ground four, the Magistrate Judge determined that the trial court properly questioned Carter about his education and his understanding of the trial and the disadvantages of representing himself. After questioning Carter, the trial court found that he knowingly and voluntarily exercised the right to represent himself. The trial court also required the appointed counsel to assist Carter during trial. Additionally, the appointed counsel made objections for Carter during trial, performed the closing argument, and also won on the motion for directed verdict in regard to Count Three. As a result, the Magistrate Judge concluded that Carter knowingly and voluntarily waived his right to counsel and the court of appeal's decision was not and unreasonable

4

application of clearly established law.

As to grounds three and five, the Magistrate determined that Carter failed to identify any "practical" conflicts between himself and his appointed counsel, and that the constitutional right to counsel "does not include the right to counsel of one's choice." United States v. Breeland, 53 F.3d 100, 106 (5th Cir. 1995). Accordingly, the Magistrate Judge concluded Carter is not entitled to relief.

In regard to ground six, Carter's appellate counsel filed a fifteen page brief in which he concluded that, after scouring the record thoroughly, Carter had no arguable issues for appeal. Carter argues that his appellate counsel was ineffective because he filed a no-merit brief. The Magistrate Judge concluded that Carter's appellate counsel complied with Lindsey v. State, 939 So.2d 743 (Miss. 2005), and Smith v. Robbins, 528 U.S. 259 (2000), in counsel's appellate brief which concluded that Carter had no arguable issues for appeal. The Magistrate Judge also recognized that because Carter acknowledges that he is guilty of the charges upon which he was convicted, his claim that he would have prevailed on appeal had his appellate counsel filed a merits brief is disingenuous.

Carter filed his objections to the Magistrate Judge's Report and Recommendation on September 25, 2009. Therein, he makes six

objections[2]:

>   1. The Magistrate Judge's recommendation on the Petitioner's ineffective assistance of counsel issue is clearly erroneous and contrary to law.
>
>   2. The Magistrate Judge's denial of an evidentiary hearing is clearly erroneous and contrary to law.
>
>   3. The Magistrate Judge's recommendation on the Petitioner's continuance issue is clearly erroneous and contrary to law.
>
>   4. The Magistrate Judge's recommendation on the irreconcilable conflict with counsel issue is clearly erroneous and contrary to law.
>
>   5. The Magistrate Judge's recommendation on the Petitioner's waiver of counsel issue is clearly erroneous and contrary to law.
>
>   6. The Magistrate Judge's recommendation on the Petitioner's denial of counsel of his choice issue is clearly erroneous and contrary to law.

First, Carter claims that the Magistrate Judge erroneously determined that his counsel was effective. In support of this argument, Carter alleges that his counsel did not interview his mother and girlfriend to find evidence of his incompetence to stand trial. The Magistrate Judge's Report and Recommendation analyzed Carter's ineffective assistance claim under the <u>Strickland</u> analysis and correctly concluded that trial counsel's pretrial and trial performance was not deficient. The Court agrees with the Magistrate Judge that Carter failed to affirmatively prove that his

---

[2] In his Motion to Amend Objections to the Report and Recommendation, Carter request that this Court disregard ground seven (7) in his objections. Therefore, this objection is not addressed.

counsel was defective or that counsel's performance prejudiced Carter.

Second, Carter contends that the Magistrate Judge erred by not granting him an evidentiary hearing on his habeas petition. This objection is not an objection to the Report and Recommendation; rather, this objection is an appeal from a ruling by the Magistrate Judge. Nonetheless, the Court will consider Carter's objection. Title 28 U.S.C. § 636(b)(1)(A) provides that the district judge, having assigned certain pretrial matters to the magistrate judge, "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." Once the party objects, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." FED. R. CIV. P. 72(a). The district court reviewing a "non-dispositive order issued by a Magistrate Judge" shall give it "substantial deference" and cannot disturb a factual finding "unless . . . the reviewing court is left with the definite and firm conviction that a mistake has been committed." Grand Oaks, Inc. v. Anderson, 175 F.R.D. 247, 248 (N.D. Miss. 1997); American Realty Trust, Inc. v. Matisse Capital Partners, L.L.C., 2001 WL 1029466, *1 (N.D. Tex. 2001)(citation omitted).

On March 19, 2009, Carter filed a Supplemental Motion for

7

Evidentiary Hearing arguing there was a factual dispute in his case, which the record did not fully address, and, if resolved in his favor, would entitle him to relief. On April 16, 2009, the Magistrate Judge entered an order denying his motion because Carter failed to identify any records or witnesses not included in the court's record that would warrant an evidentiary hearing. See Whitlock v. Dretcke, 129 Fed. Appx. 880, 882 (5th Cir. 2005). In his instant objection, Carter has also failed to provide any factual evidence which would warrant an evidentiary hearing or entitle him to relief. Carter has only alleged conclusory allegations of ineffective assistance of counsel, incompetency to stand trial, and irreconcilable differences with trial counsel; however, he has provided no additional factual allegations not contained in the record which would support the need for an additional hearing. As a result, the Court finds that the Petitioner's objections to the Magistrate Judge's order are without merit.

Third, Carter claims that the Magistrate Judge erroneously determined that the denial of a trial continuance was not a violation of the Due Process Clause. In support of his argument, Carter makes conclusory allegations that his counsel was ineffective, more time was needed to investigate his competency to stand trial, and he had an irreconcilable conflict with trial counsel. As previously stated, the Magistrate Judge adequately

addressed these claims, and the Court concurs with the Magistrate Judge's determination that the Petitioner was not denied a continuance in violation of the Due Process Clause.

Fourth, Carter alleges that the Magistrate Judge erroneously determined that he failed to show any practical conflicts with appointed counsel. Specifically, Carter argues that there was an irreconcilable conflict between himself and trial counsel because trial counsel was ineffective, unprepared for trial, did not properly communicate with him, and did not properly investigate his incompetency defense. As stated previously, the Court is satisfied with the Magistrate Judge's conclusions on these issues and finds no error.

Fifth, Carter contends that the Magistrate Judge erroneously concluded that he knowingly and voluntarily waived his right to counsel. Again, Carter argues that he did not knowingly, voluntarily, and intelligently waive his right to counsel because his counsel was ineffective, unprepared for trial and an irreconcilable conflict existed between Carter and his counsel. The Magistrate Judge determined that the trial judge thoroughly questioned Carter about his education and intelligence and warned him about the disadvantages of proceeding at trial without counsel. Further, the trial judge ordered the appointed counsel to assist Carter in his defense. The Court is in agreement with the Magistrate Judge's Report and Recommendation that Carter knowingly,

voluntarily and intelligently waived his right to counsel.

Finally, Carter argues that the Magistrate Judge was clearly erroneous in determining that he was not unconstitutionally denied counsel of his choice. At his continuance hearing, the trial judge stated that the Petitioner was free to retain private counsel, but the trial would not be continued. Although the Petitioner does have a constitutional right to counsel, the Fifth Circuit Court of Appeals has consistently held that the Sixth Amendment right to counsel does not include a right to counsel of one's choice. Green v. Johnson, 160 F.3d 1029, 1045 (5th Cir. 1998); United States v. Breeland, 53 F.3d 100, 106 at n. 11 (5th Cir. 1995). Furthermore, an appellate court must uphold a trial court's denial of a continuance unless the evidence shows that the denial was arbitrary or unreasonable. United States v. Hughley, 147 F.3d 423, 431 (5th Cir. 1998). The Petitioner has failed to provide any evidence that the denial of his continuance based upon his desire to hire counsel of his choice was arbitrary or unreasonable. The trial court stated that Carter could hire counsel of his choice; however, Carter failed to do so. As a result, his objection is without merit.

The Petitioner also submitted a Motion for Record and a Motion to Amend the Objections. The Court finds that his Motion for Record is well-taken, and the Court will mail a copy of the requested portions of the record to the Petitioner. In his Motion

to Amend the Objections, the Petitioner requests that this Court disregard his seventh objection to the Magistrate Judge's Report and Recommendation. The Court finds that this motion is well-taken and is granted.

After a de novo review of the Magistrate Judge's Report and Recommendation and a review of the plaintiff's objections, the Court is unable to find any error with the Magistrate Judge's findings. The Court is satisfied that the Magistrate Judge has undertaken an extensive examination of the issues in this case and has issued a thorough opinion. Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation [docket entry no. 24] is **ADOPTED**.

**IT IS FURTHER ORDERED** that the Petitioner's objections [docket entry no. 25] to the Magistrate Judge's Report and Recommendation are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Petitioner's Writ for Petition of Habeas Corpus [docket entry no. 1] is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Petitioner's Motion to Amend the Objections to the Report and Recommendation [docket entry no. 26] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Petitioner's Motion for Record [docket entry no. 29] is **GRANTED**.

**SO ORDERED**, this the 9th day of June 2010.

                                             s/ David Bramlette
                                     **UNITED STATES DISTRICT JUDGE**