UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

KENNETH DEWAYNE CARTER, NO. 77715                               PETITIONER

VERSUS                              CIVIL ACTION NO. 5:07-cv-169-DCB-MTP

LAWRENCE KELLY and JIM HOOD                                     RESPONDENTS

ORDER

Kenneth DeWayne Carter filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on September 11, 2007 [docket entry no. 1] which the Court dismissed with prejudice on June 9, 2010 [docket entry no. 31]. On that same day, pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a)[1] of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court denied a Certificate of Appealability ("COA") because Petitioner

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

(a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

had failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Petitioner then moved for a COA on June 23, 2010 [docket entry no. 36], despite the fact that the Court had already denied Petitioner such a certificate. Petitioner's motion for a COA raises eight issues, seven of which he raised on his initial petition and for which this Court has already denied a COA. Because Petitioner asserts no new arguments with respect to any of these seven issues, a COA is denied as to them.

Petitioner also raises one new issue in his COA: that his sentence violated the Eighth Amendment and Harmelin v. Michigan, 501 U.S. 957 (1991) because it was grossly disproportionate to the crime for which he was convicted. This Court generally does not consider arguments raised for the first time in a COA application. Roberts v. Cockrell, 319 F.3d 690, 695 (5th Cir. 2003). However, even if the Court considered this Eighth Amendment claim, it would fail on the merits. Petitioner was convicted of armed robbery and carrying a concealed weapon after a felony conviction. He was sentenced to two concurrent life sentences without parole under Miss Code. Ann. § 99-19-83, which prescribes a life sentence

without parole for recidivists under certain circumstances. A life sentence without parole is not grossly disproportionate to convictions for either armed robbery or carrying a concealed weapon as a felon. <u>Perkins v. Cain</u>, 163 F.3d 1354 (5th Cir. 1998) (holding life sentence without parole for armed robbery pursuant to recidivist statute did not violate the Eighth Amendment); <u>United States v. Williams</u>, 923 F.2d 76 (8th Cir. 1991) (holding federal life sentence for conviction for being a felon in possession of a firearm did not violate the Eighth Amendment). Accordingly, Petitioner is also denied a COA with respect to his Eighth Amendment claim.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Petitioner's motion for a Certificate of Appealability is DENIED.

SO ORDERED AND ADJUDGED, this the 23rd day of September 2010.

                                   <u> s/ David Bramlette </u>
                                   UNITED STATES DISTRICT JUDGE